UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JIANG NAN,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANEC[K]A, et al,<br><br>Respondents. | Case No. 5:26-cv-04739-DTB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.**

**PROCEEDINGS**

On August 19, 2026, petitioner Jiang Nan ("Petitioner"), through counsel, filed a Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition") (Docket No. 1), accompanied by two exhibits (Docket No. 1-1 - 1-2) and the affidavit of Petitioner (Docket No. 1-3).

/ / /

/ / /

/ / /

/ / /

Pursuant to the General Order 26-05 and Briefing Schedule (Docket No. 5), Respondent was to file an Answer to the Petition on or before August 28, 2026. As Respondent had not filed an Answer, on September 4, 2026, the Court ordered Respondent to file an Answer to the Petition on or before September 11, 2026. (Docket No. 7).

Respondent failed to file an Answer and on September 14, 2026, Petitioner filed a Motion for Ruling on Unopposed Petition for Writ of Habeas Corpus. (Docket No. 8).

On September 15, 2026, the Court issued a text only entry requesting Respondents to email Chambers within 24 hours of to advise the Court if Respondents intended to file a Notice of Appearance and an Answer. If Respondents were not filing a Notice of Appearance and an Answer, the Court requested that Respondents file the I-213 for Petitioner. (Docket No. 9).

On September 16, 2026, Respondents filed Petitioner's I-213. (Docket No. 10).

Thus, this matter is now ready for decision. For the reasons set forth below, the Court grants the Petition.

## II.

## RELEVANT BACKGROUND[1]

Petitioner fled China in 2022 because of his fear of persecution there. (Petition at ¶ 33). He departed China on or about August 7, 2022. (Id.). On or about September 26, 2022, Petitioner crossed the border near Tecate, California, and came into immigration custody immediately, having presented himself so that he could apply for asylum. (Id.at ¶ 34). He was held for several days. (Id.). Department of Homeland Security ("DHS") then released him. (Id.). DHS's own Form I-213

---

[1] The Background is taken primarily from the Reply.

records the release: "the USBP released NAN due to detention capacity with form I-94 as an alternate to detention as a condition of parole." (Id.; Docket No. 10-1 at 3). DHS thus elected to place Petitioner in the community rather than in custody, imposed no bond, and asserted no basis for detaining him. (Petition at ¶ 34).

Upon his release, Petitioner complied with every instruction the immigration authorities gave him. (Petition at ¶ 35). He filed an Application for Asylum and for Withholding of Removal, Form I-589, which U.S. Citizenship and Immigration Service ("USCIS") received on December 5, 2022, and which USCIS acknowledged in writing was "received and is pending as of 12/05/2022." (Id. at ¶ 36). On May 19, 2023 he filed an Application for Employment Authorization, Form I-765, and was granted an Employment Authorization Document in category (c)(8), valid from June 6, 2023 through June 5, 2025. (Id.). He obtained a Social Security number and worked lawfully in the United States. (Id.). He lived openly at a fixed address at 528 N. Moore Avenue, Monterey Park, California from November 2022 until the day of his arrest, and in February 2026 — three weeks before Immigration and Customs Enforcement ("ICE") detained him — he registered a financed vehicle in his own name at that address. (Id.). He has never been arrested for or convicted of any crime in this country; DHS's Integrated Automated Fingerprint Identification System and National Crime Information Center checks on the day of his arrest returned negative results, and the I-213 states plainly: "Records checks do not indicate any prior criminal history." (Id.).

On March 6, 2026, Petitioner reported as instructed to the ICE office in Los Angeles. (Petition at ¶ 37). At 8:33 a.m., without prior notice or warning, ICE officers arrested him and took him into custody. (Id.).

DHS issued a Notice to Appear charging Petitioner as inadmissible under Immigration and Nationality Act ("INA") §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I). (Petition at ¶ 38). He was transported to the Adelanto ICE Processing Center, where

he has remained ever since. (Id.). Removal proceedings were docketed at the Adelanto Immigration Court on March 11, 2026, where Petitioner admitted the factual allegations and conceded the charges. (Id.).

Because ICE treated Petitioner as categorically subject to mandatory detention and refused him any individualized custody determination, he filed a habeas petition in this District on March 21, 2026. (Jiang Nan v. Noem, Case No. 5:26-cv-01344-DMG (DTB)). (Petition at ¶ 40).

On March 31, 2026, the Court granted Petitioner's motion for a preliminary injunction. (Petition at ¶ 41). Respondents did not oppose it, and acknowledged that Petitioner "appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*." (Id.). The Court ordered: "Respondents shall provide Nan with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of this Order or release him. At the bond hearing, the burden shall be on the Government to establish, by clear and convincing evidence, that Nan is a flight risk or danger to the community, such that his physical custody is required." (Jiang Nan v. Noem, Case No. 5:26-cv-01344-DMG (DTB)). (Id.).

Petitioner has now been through two bond settings before the immigration court and has not been released from custody. (Petition at ¶ 42). A bond hearing was first calendared for April 16, 2026. (Id.). It was withdrawn at Petitioner's request, the Immigration Judge noting that "respondent's counsel submitted minimal documentation regarding flight risk, and as such, requested to withdraw the bond hearing and schedule it for a later time when more documentation was prepared." (Id.).

The hearing went forward on April 23, 2026, before Immigration Judge Matthew C. Chan. (Petition at ¶ 43). Petitioner sought release on a bond of $1,500.00 and submitted, among other things, his asylum receipt notice, his Employment Authorization Document, his California vehicle registration, and an

affidavit of support from a sponsor. (Id.). The Immigration Judge first addressed dangerousness and found in Petitioner's favor: "The record does not contain any evidence of the respondent's dangerousness and the Department has not asserted any basis for a danger finding. (Id.). Thus, the Court finds the respondent is not a danger to the community." (Id.). The Immigration Judge nonetheless found flight risk established by clear and convincing evidence. (Petition at ¶ 44). Applying Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006), he cited the length of Petitioner's residence in the United States, the absence of family members here, and his view that a sponsoring friend residing in Arcadia who offered an address in Adelanto did not adequately assure appearance. (Id.).

As of the filing of this Petition, Petitioner has been detained continuously for more than five months. (Petition at ¶ 50). No merits hearing on his asylum application has yet been held, and none is imminent. (Id.). His detention is no longer a brief, bounded incident of removal proceedings; it has become prolonged confinement of uncertain duration. (Id.).

## III.

## DISCUSSION

### A. Habeas Relief is Warranted.

As noted, Respondents have elected not to appear in this action, despite the Court's order to do so.

Federal courts must decide cases based on the arguments the parties present. See United States v. Sineneng-Smith, 590 U.S. 371, 375–76 (2020); Greenlaw v. United States, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." Sineneng-Smith, 590 U.S. at 375 (2020) (cleaned up). The

Supreme Court has reminded the lower courts that they are "essentially passive instruments of government" who must adhere to the narrow questions raised by the parties. Margolin v. Nat'l Assoc. of Immigration Judges, 146 S. Ct. 1285, 1288 (2026) (citation omitted).

Here, Petitioner raises, *inter alia*, a claim that his detention without any pre-deprivation process violated his procedural due process rights and that the proper remedy is his release from custody. (Docket No. 1 at 31). This claim has been found to be a basis for habeas relief by numerous courts in this Circuit, including this one. See, e.g., Eddier David Taborda Loero v. James Janecka, et al, No. 5:26-cv-03713-DTB (Order Granting Petition for Writ of Habeas Corpus) ( (C.D. Cal. July 15, 2026).

Respondents elected not respond to the Petition and to Petitioner's claims, including his procedural due process claim. Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis to reject his claim. Their failure to do so constitutes a forfeiture of the arguments they could have made in support of their position. See Martinez v. Sessions, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); Am. Int'l Enters., Inc. v. F.D.I.C., 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to search for a reason on their behalf - indeed, the party presentation principle requires the court to refrain from doing so. Sineneng-Smith, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible

for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. See, e.g., Barajas-Bautista v. Warden, Desert View Annex, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); Soleimani v. Larose, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); N-E-M-B v. Wamsley, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

Accordingly, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition.

/ / /

/ / /

/ / /

## IV.

## CONCLUSION

IT THEREFORE ORDERED that Judgment be entered: (a) Granting the Petition; (b) ordering Respondents to immediately release Petitioner Jiang Nan (A# 241-686-768) from custody subject to the same conditions (if any) that he was subject to at the time he was arrested and detained; (c) ordering Respondents to return all property confiscated from Petitioner (if any) during his arrest and processing into detention; (d) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from re-detaining Petitioner without complying with all applicable statutes and regulations; and (e) ordering Respondents to file a status report within two (2) business days of the date of this Order to confirm that Petitioner's release from custody is subject to the same conditions (if any) that he was subject to at the time he was arrested and detained.

DATED: September 24, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE